12-2803-cv
Yarusso v. 106 Rescue Wing

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand thirteen.

Present:
> CHESTER J. STRAUB,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
>
> > *Circuit Judges.*

_____

Richard Yarusso,

> *Plaintiff – Appellant*,

> v.                                                                      No. 12-2803-cv

106 Rescue Wing, New York Air National Guard, State of New York, et al.,

> *Defendants – Appellees.*

_____

FOR APPELLANT:          Leonard Zack, Leonard Zack & Associates, New York, N.Y.

FOR APPELLEE:           Laura R. Johnson, Assistant Solicitor General, Richard Dearing, Deputy Solicitor General, Barbara D. Underwood, Solicitor General *for* Eric T. Schneiderman, Attorney General for the State of New York, New York, N.Y.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Wexler, *J*.).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-Appellant Richard Yarusso ("Yarusso") appeals from a decision of the district court granting a Rule 12(b)(6) motion filed by 106 Rescue Wing, the New York Air National Guard ("NYANG"), and the State of New York (collectively "Defendants") and dismissing Yarusso's complaint in its entirety. The district court concluded that Yarusso sought relief for a "military[] decision regarding his employment" that is "precisely the type of individualized question[] . . . prohibited from judicial review" under the doctrine of intra-military immunity. *Yarusso v. 106th Rescue Wing*, No. 11-cv-3378 (LDW), 2012 WL 2155270, at *3, *4 (E.D.N.Y. June 11, 2012) (internal quotation marks omitted). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and we discuss these only as necessary to explain our decision.

On appeal, Yarusso contends that his complaint actually seeks relief based on the failure of Defendants to abide by their own mandatory rules and regulations, an exception to the "rule of non-justiciability of discretionary military decisions" applicable when "the military has failed to follow its own mandatory regulations in a manner substantially prejudicing a service member." *Jones v. N.Y. State Div. of Military & Naval Affairs*, 166 F.3d 45, 52 (2d Cir. 1999). Specifically, Yarusso contends that Defendants "failed to follow [their] own mandatory regulations with regard to the handling of Yarusso's non-retention and Complaint of Wrongs in

2

[several] ways." Each allegation of Defendant's having disregarded mandatory regulations, however, is without merit.

First, Yarusso contends that his supervisor, Lt. Col. Killian ("Killian"), failed to cite an "ineligibility factor" for his dismissal, which Yarusso argues Air National Guard Instruction ("ANGI") 36-2002 Table 4.1 requires. Table 4.1 only lists "ineligibility factor[s]" and "explanation/determination guidelines" that could disqualify an enlisted individual from reenlistment in the Air National Guard; the Table does not mention any notification requirements. *See also* ANGI 36-2002 § 4.1 (Oct. 1, 2012) ("Individuals rendered ineligible for reenlistment or extension of enlistment IAW Table 4.1, will be separated. . . .").

Second, Yarusso argues that Killian "violated Yarusso's mandatory right to be considered for Selective Retention and its attendant benefits, such as the 'fair and impartial review' and appeal processes." The governing rules of the Air Force and the Air National Guard, however, do not mandate that enlisted members have a right to reenlist. *See* ANGI 36-2002 § 4.1 (mandating that retention in the Air National Guard ("ANG") "is not an inherent right of any individual" and that "[n]o individual will reenlist or extend their enlistment without the concurrence of the unit commander," who "may approve or deny reenlistments and extension of enlistments"). Nor do they mandate that enlisted members have a right to be considered and retained following review by the Selective Retention Review Board ("Board"). *See* ANGI 36-2606 § 1.1 (Aug. 8, 2012) (stating that "[m]embership in the ANG is a privilege" and that the ANG may force the separation of individuals when necessary to fulfill its "national security" function). Officers and enlisted personnel who are "retirement eligible" may be subject to the selective retention review process, which may result in their separation from the Air National Guard. *See* Air Force Instruction 36-3209 §§ 2.25.1 & 3.13.1 (Apr. 14, 2005) (listing non-

selection during the selective retention process as a reason for a unique or involuntary separation); ANGI 36-2606, *Terms*, at 14-15 (defining retirement eligible as "completed 20 years of satisfactory service"). The applicable rules and regulations, therefore, do not mandate that Yarusso had a right to automatic reenlistment nor an automatic right to be retained in the ANG once retirement eligible. Moreover, Yarusso was not entitled to review following his separation because the Board only reviews for retention those individuals "not otherwise scheduled to be separated [in] the year of the board's review." ANGI 36-2606 § 2.1.1.2.

In sum, Yarusso's first two contentions fail because he neither identifies any "actions . . . violative of [NYANG's] own regulations," *Crawford v. Cushman*, 531 F.2d 1114, 1120 (2d Cir. 1976), nor points to any mandatory military regulation requiring his continued enlistment or his selection for continued service following eligibility for retirement, *Ornato v. Hoffman*, 546 F.2d 10, 13 (2d Cir. 1976) ("To the extent that a military regulation is mandatory, the courts will see that it is observed.").

Third, Yarusso asserts that Defendants "ignored their mandatory duty to forward his complaints to the Adjutant General" once "Yarusso attempted to receive redress by filing his Complaints of Wrongs" and that "NYANG failed to follow its own, mandatory protocol governing the investigation and disposition of Yarusso's Complaints of Wrongs." Yarusso filed his Complaint of Wrongs pursuant to New York Code of Military Justice § 131.4, which provides that "[a]ny member of the organized militia who believes himself wronged by his commanding officer" and who "is refused redress . . . may complain to any superior officer who shall forward the complaint to the adjutant general." N.Y. Mil. Law § 131.4. This section further provides that "the member who initiated the complaint may appeal to the governor for redress." *Id.*

4

Even if Defendants failed to abide by section 131.4's "elaborate mechanism for administrative relief," Yarusso failed to exhaust the administrative relief available to him because he never "appeal[ed] to the governor for redress." *Jones*, 166 F.3d at 53-54. In *Jones*, we held "that NYANG members must exhaust administrative remedies before bringing a federal challenge based on the NYANG's failure to follow its own regulations" because "it would interfere unnecessarily with Guard operations were service members allowed to complain of procedural irregularities to the courts without first appealing the error up through the chain of command." *Id.* at 54. As in *Jones*, Yarusso "failed to appeal . . . to the Governor of New York," which "deprived the Governor of an opportunity" to provide redress and which "might have obviated any need for judicial interference in military affairs." *Id.* at 54-55. We therefore decline to review any "procedural irregularities" in Yarusso's case due to his failure to exhaust the remedies that were available to him. *Id.*

We have considered all of Yarusso's remaining arguments and find them to be without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5